UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LUIS OTERO, | ) | CASE NO. 4:05 CV 0754 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, FCI ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On March 18, 2005, pro se petitioner Luis Otero filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Mr. Otero, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the F.C.I. Elkton Warden. Petitioner asserts that he is entitled to credit against his federal sentence for time spent awaiting his federal sentence.

*Background*

Mr. Otero was arrested by a police officer in Philadelphia, Pennsylvania on December 31, 2002 and charged with illegal possession of a weapon. The following day, he was

moved to a county jail facility.

On April 22, 2003, "the United States moved the custody of the petitioner to the Federal detention Center in Philadelphia" to be arraigned on an indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See United States v. Otero, No. 2:03 cr 0232 (E.D. Pa. filed Apr. 8, 2003). He claims that no writ of habeas corpus ad prosequedum was issued to effect his transfer to the Federal Detention center because "the primary custody of the petitioner was for the federal weapons violation from the date of initial arrest." (Pet. at 2.) He claims that "[n]o state sentence or custody was imposed as a proximate result of this arrest by the State of Pennsylvania." Id.

Mr. Otero filed an Informal Resolution form with F.C.I. Elkton in November, 2004. In his request, he sought an award of credit towards his federal sentence based on the time he was in "pretrial" detention, in accordance with 18 U.S.C. § 3568.[1] The F.C.I. Elkton staff responded on November 18, 2004, stating that because a writ was issued to secure his release from state authorities and he was already given credit on his state sentence, he is not entitled to credit on his federal sentence.

In a Request for Administrative Remedy, dated December 1, 2004, petitioner cited "Brown v. Rison" in support of his argument that he is entitled to federal sentence credit because the federal writ of habeas corpus ad prosequendum that was issued deprived him of "bail recognizance." The request was denied by F.C.I. Elkton Warden T.R. Sniezek on December 22, 2004. In his letter denying Mr. Otero's request, Warden Sniezek explained that petitioner's

---

[1] Mr. Otero erroneously referred to the former statute for calculating a term of imprisonment. It is now 18 U.S.C. § 3585.

2

physical custody was removed from the state of Pennsylvania on April 22, 2003 to the Federal Detention Center in Philadelphia, Pennsylvania on a "Writ of Habeas Corpus" pending federal charges.

Prior to entering his guilty plea in Case No. 2:03 cr 0232, Mr. Otero's state sentence for violating probation expired on May 6, 2003. Warden Sniezek noted that petitioner was awarded credit on his federal sentence from May 7, 2003 until December 31, 2003, the day prior to the date his federal sentence was imposed. He added that credit for the time petitioner spent in custody before May 7, 2003 was applied to his state sentence.

Mr. Otero filed an appeal to the Regional Director for the BOP, who denied his request on January 31, 2004. There is a copy of a Central Office Administrative Remedy Appeal attached to the petition which appears to indicate Mr. Otero pursued his final appeal to the BOP's Office of General Counsel. No copy of the General Counsel's decision is attached to the petition, however.

In his petition before this court, Mr. Otero asserts that he is entitled to "credit" against his federal sentence from the date he was arrested on December 31, 2002, until the date the court imposed his sentence on December 31, 2003. He claims the BOP has erred in its resolution of this matter because it "apparently received information from the State of Maryland, which has no reference to this petitioner." (Pet. at 2.) He contends that because the state of Pennsylvania never imposed a sentence or held a hearing "in connection with the underlying criminal charge indicates that the petitioner could not have received any credit toward another sentence as is poisted [sic] by the Federal Bureau of Prisons." Id. It is his position that the federal government "obtained the petitioner by agreement with the State of Pennsylvania not a

3

writ of habeas corpus ad prosequendum, whereby Pennsylvania agreed to the change in custody." (Mem. Support at 4.) Finally, Mr. Otero asks that the court examine the facts in his case in light of Weekes v. Fleming, 301 F.3d 1175 (9th Cir. 2002), Brown v. Perrill, 28 F.3d 1073-75 (10th Cir. 1994) and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).

## 28 U.S.C. § 2241

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. United States v. Wilson, 503 U.S. 329, 335 (1992).

When a prisoner seeks to challenge the execution or manner in which a sentence is served he must file his claim in the court having jurisdiction over his custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the court has jurisdiction over petitioner's custodian, Warden Sniezek.

Notwithstanding a court's jurisdiction over a prisoner's custodian in this case pursuant to §2241, the statute still requires prisoners seeking judicial review of sentence computations to first exhaust administrative remedies. See United States v. Bayless, 940 F.2d

300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 336 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981). And federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (1990); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990).

It appears that Mr. Otero has exhausted his administrative remedies through the BOP. The fact that he has not attached a copy of the General Counsel's decision is not dispositive because his petition is otherwise subject to dismissal.

### *Sentence Commencement*

The state from which a prisoner is transported retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918- 19 (10th Cir.1982); Roche v. Sizer, 675 F.2d 507, 509-10 (2d Cir.1982); see also Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody); see also United States v. Insley, 927 F.2d 185, 186-87 (4th Cir.1991) (holding that "official detention" in 18 U.S.C. § 3585--the successor statute to section 3568--means "physical incarceration").[2]

---

[2] At the time Barden was decided the court relied 18 U.S.C. § 3568, the statue in effect at that time, to determine when his federal sentence commenced.

5

Inasmuch as Mr. Otero was removed from state prison to appear before the United States District Court of Pennsylvania via writ of habeas corpus ad prosequendum, he was still in state custody at that time. Therefore, because "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585, Mr. Otero was not received into federal custody until his state probation violation sentence ended on May 6, 2003. See Coleman v. United States, 94-5127, 1994 WL 573917 (6th Cir. Oct. 17, 1994)(where neither state nor federal court specified intent that sentences run concurrently, no entitlement to credit for time spent in state custody).

*Credit for Prior Custody*     In the case at bar, the statute upon which Mr. Otero bases his petition provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(emphasis added). Evolved legal precedent instructs that credit against a federal sentence attaches only when a federal detainer is the exclusive reason for a prisoner's failure to obtain his release on bail. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). Although Mr. Otero claims that a "federal writ occasioned a denial of release to the inmate of bail recognizance," (Pet.'s Req. Admin. Remedy of 12/1/04), in reality his failure to post bond was

6

as a result of the state probation violation sentence he was still serving. Mr. Otero's refusal to acknowledge the existence or significance of his probation violation sentence because it is not "related" to the underlying criminal conviction for which he is currently serving a federal sentence, does not negate the fact that he received credit against that state sentence while he was awaiting sentencing for his federal offense. See 18 U.S.C. § 3585(b)("defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence").

From the time Mr. Otero was taken into custody by the state for violating his probation, until the time that state sentence ended on May 6, 2003, the state never lost custody of petitioner. Therefore, because petitioner was still serving his state sentence during the time he seeks federal sentence credit, he was not in exclusive custody of the federal government, a fact which distinguishes this case from Brown. See Brown, 28 F.3d at 1075(federal government's detention of prisoner after his state sentence had run could not have been pursuant to the writ but rather necessarily was for the federal government's exclusive interest in maintaining pretrial custody of prisoner). Further, the federal government did not interrupt the term of Mr. Otero's state sentence while he was awaiting disposition of his federal sentence, unlike the petitioner in Weekes. And, Mr. Otero never argues that his state and federal sentences were ordered to run concurrently. See Kayfez, 993 F.2d at 1289 (prisoner acknowledged time had been credited against his state sentence, but claimed that, because his sentences are concurrent, crediting only against the state sentence would not reduce his period of actual imprisonment).

The BOP credited Mr. Otero's federal sentence from the time his state probation

7

violation sentence ended in May 2003, until he was sentenced on December 31, 2003 in accordance with § 3585(b). Since petitioner's failure to obtain release on bond was not exclusively caused by the federal detainer, he is not entitled to a credit against his federal sentence for the period of time he was still serving his state probation violation sentence. Shaw v. Smith, 680 F.2d 1104 (5th Cir.1982); O'Connor v. Attorney General, 470 F.2d 732 (5th Cir.1972); Boyd v. United States, 448 F.2d 477 (5th Cir.1971); United States v. McCrocklin, 410 F.2d 1137 (6th Cir.1969).

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signature]* 5/23/05
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE